IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INEZ COATES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 12-4031 |
| NATIONWIDE INSURANCE CO. | | |

**MEMORANDUM RE: MOTION TO REMAND**

**Baylson, J.**                                                                                                   **September 14, 2012**

**I.      Introduction**

Presently before the Court in this dispute over underinsured motorist benefits is a Motion to Remand filed by Plaintiff Inez Coates ("Plaintiff").  For the reasons that follow, the Court will GRANT Plaintiff's Motion and remand the case to the Court of Common Pleas of Philadelphia County, Pennsylvania.

**II.     Factual and Procedural Background**

Plaintiff originally filed her Complaint in the Court of Common Pleas of Philadelphia County.  She sued Defendant Nationwide Insurance Company[1] ("Nationwide") for breach of fiduciary duty to pay underinsured motorist ("UIM") benefits in accordance with the Pennsylvania Motor Vehicle Responsibility Law, 75 Pa. Cons. Stat. § 1731(c) (Count I), breach of contract/breach of good faith and fair dealing (Count II), bad faith insurance practices in violation of 42 Pa. Cons. Stat. § 8371 (Count III), and breach of statutory and contractual duty to supply UIM benefits, again in accordance with the Pennsylvania Motor Vehicle Responsibility Law, 75 Pa. Cons. Stat. § 1731.

---

[1]      Nationwide clarifies that its correct name is Nationwide Assurance Company. (Notice of Removal at 1).

1

Plaintiff alleges that she was involved in a car accident on March 9, 2009, in which David Tomarchio, a non-party to this action, hit her car, causing it to turn over and skid upside-down for twenty-feet. (Compl. ¶¶ 4-10). Plaintiff, who avers she was in no way responsible for the collision, had to be removed from her vehicle with the "jaws of life." (Id. ¶¶ 10-11). Plaintiff suffered severe and permanent injuries and disabilities, which she details at length in her Complaint, and underwent five surgical procedures. (Id. ¶¶ 12-17). Mr. Tomarchio's insurance policy provided only $100,000 in coverage, which Plaintiff's expenses exceeded. (Id. ¶¶ 20-21). Plaintiff has motor vehicle insurance provided by Nationwide, which included UIM benefits in an amount unspecified in the Complaint. (Id. ¶¶ 18-19). Plaintiff accordingly submitted her bills to Nationwide. (Id. ¶ 21). Nationwide, however, failed or refused to provide Plaintiff any benefits. (Id.).

Relevant to the Motion at hand, Plaintiff's Complaint filed in the Court of Common Pleas contained a cover sheet on which Plaintiff checked a box indicating that the amount in controversy was "$50,000 or less." The case was designated for compulsory arbitration where the total amount of damages recoverable is capped at $50,000, pursuant to 42 Pa. Cons. Stat. § 7361.[2] Each count of Plaintiff's Complaint contains an ad damnum clause specifying the relief sought. For Count I, Plaintiff's breach of fiduciary duty claim, Plaintiff demanded "judgment of

---

[2] 42 Pa. Cons. Stat. § 7361 established compulsory arbitration in Pennsylvania and authorized Pennsylvania courts to create rules providing for compulsory arbitration. Civil cases must first be submitted to and heard by a board of three members of the bar of the court, except: 1) where the matter involves title to real property; or 2) "where the amount in controversy, exclusive of interest and costs, exceeds $50,000." 42 Pa. Cons. Stat. § 7361(b). After arbitration, any party has the right to appeal to a trial de novo in common pleas court. § 7361(d). The procedural rules governing compulsory arbitration have been set out in both the Pennsylvania Rules of Civil Procedure and the Local Rules of the Philadelphia Court of Common Pleas. Pa. R. Civ. P. 1301-13; Phila. Local Rules 1301-1309.

Defendant, Nationwide Insurance Company, in an amount not in excess of Fifty Thousand ($50,000) Dollars in addition to all costs and expenses incurred during the course of this litigation, as well as interest and damages for delay." (Compl. at 8). Each of the other counts recited the following <u>ad damnum</u> clause, which mirrors the first <u>ad damnum</u> clause but adds a reference to punitive and exemplary damages: "Wherefore, Plaintiff, Inez Coates, demands judgment against Defendant, Nationwide, in an amount not in excess of Fifty Thousand ($50,000) Dollars, in addition to interest and damages for delay, as well as all costs, expenses and incidental fees incurred during the course of this litigation, including attorney's fees, and punitive or exemplary damages." (Compl. at 10, 12, 13).

Nationwide removed the case to this Court on July 16, 2012. (Notice of Removal, ECF No. 1). In the Notice of Removal, Nationwide made the following representations with respect to the amount in controversy:

> The amount in controversy, upon information and belief, is in excess of Seventy Five Thousand Dollars ($75,000) exclusive of interest and costs, in that plaintiff:
>
> (a) alleges in paragraph 21 of her complaint that the tortfeasor was underinsured since he maintained only $100,000 in liability coverage and the value of plaintiff's injuries are in excess of that amount;
>
> (b) alleges in paragraph 17 of her complaint that she has undergone five operations as a result of the March 9, 2009 accident "with a sixth surgery being considered at this time by a vascular surgeon," and
>
> (c) alleges in her complaint that Nationwide has unreasonably failed to pay her underinsured motorist claim arising out of the accident on March 9, 2009 and as a result Nationwide has violated Pennsylvania's insurance bad faith insurance statute with respect to her claim.

(Notice of Removal ¶ 6(a)-(e)).  Nationwide promptly filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[3]  (Motion to Dismiss, ECF No. 4).  Although Plaintiff eventually filed a response to the Motion to Dismiss (Response to Defendant's Motion to Dismiss, ECF No. 6), she first timely filed the Motion to Remand currently before the Court.  Nationwide responded (Response to Motion to Remand, ECF No. 4), and Plaintiff then filed a Reply Brief (Memorandum re First Motion to Remand to State Court, ECF No. 8).

On September 13, 2012, the Court held an unrecorded conference call with counsel for both parties.  The Court explained to Plaintiff's counsel that the pleadings were somewhat confusing as to whether Plaintiff sought an amount greater than $50,000.  Following the call, with the Court's permission, Plaintiff filed an amendment to her Complaint (ECF No. 10) in which she adjusts each of the ad damnum clauses in the Complaint to read as follows:

> WHEREFORE, Plaintiff, Inez Coates, demands judgment against Defendant, Nationwide, of compensatory damages, punitive or exemplary damages, in addition to interest and damages for delay, as well as all costs, expenses, and incidental fees incurred during the course of this litigation, all of which are in an amount NOT in excess of Fifty Thousand ($50,000) Dollars.

(Amendment to Civil Action Complaint of Plaintiff, Inez Coates).

### III. Parties' Contentions

Plaintiff contends that the case should be remanded because the amount in controversy does not exceed $75,000.  Plaintiff emphasizes that each count seeks damages "not in excess of $50,000" and that the case was originally designated for the Compulsory Arbitration Program in the Court of Common Pleas of Philadelphia County, which caps damages at $50,000 pursuant to

---

[3] Because the Court has concluded that it lacks subject matter jurisdiction and must remand this case to state court, Defendant's Motion to Dismiss will be denied as moot.

42 Pa. Cons. Stat. § 7361.  Plaintiff also asserts that under her motor vehicle insurance policy with Nationwide, the maximum amount of UIM compensatory damages she could recover is $15,000.  Even were compensatory damages trebled for punitive reasons, therefore, Plaintiff argues, the amount in controversy would still be less than $75,000.

In response, Nationwide admits that Plaintiff cannot receive more than $15,000 in UIM benefits under her policy, but argues that the amount in controversy is exceeded because Plaintiff explicitly sought attorney's fees, costs, and punitive damages in addition to the $50,000 in compensatory damages.  On the telephone conference Nationwide's attorney also argued that even if Plaintiff did expressly limit her damages and the case proceeded to arbitration, it was unlikely the case would be resolved at that stage because of choice of law questions, and Plaintiff would be entitled to recover more than $50,000 on appeal.

## IV.  Legal Standard

### A.  General

A civil action may be properly removed from state court to the federal district court if the district court has jurisdiction.  28 U.S.C. § 1441(a).  Federal district courts have jurisdiction over cases where there exists complete diversity between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a).  After removal, the federal court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

The Third Circuit strictly construes the removal statutes against removal and resolves all doubts in favor of remand.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  Thus, the defendant advocating against remand bears the "heavy burden of

persuasion" that federal subject matter jurisdiction is present. Id. at 1012 (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) ("It is now well settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of litigation, that the case is properly before the federal court." (citing Samuel-Bassett v. Kia Motors, 357 F.3d 392, 396 (3d Cir. 2004) and Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006))).

Plaintiff here moves to remand this case to state court pursuant to 28 U.S.C. § 1447 based on lack of diversity jurisdiction. Since the parties agree diversity of citizenship exists, the Court need only resolve whether the amount in controversy requirement has been satisfied.

### B.   The Legal Certainty Standard

In determining whether the amount in controversy exceeds $75,000, district courts must apply the "legal certainty" test the Third Circuit enunciated in Samuel-Bassett v. Kia Motors, 357 F.3d 392 (3d Cir. 2004). Under this standard, "[t]he case will be dismissed only if from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." Id. at 194 (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)) (internal quotation marks omitted).

Courts must apply the legal certainty standard differently, however, depending on whether the complaint explicitly limits the damages sought to less than the jurisdictional amount. Recognizing that the plaintiff is the master of the case, the Third Circuit determined in Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006) that "a plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold." Id. at 474. Yet, even if a

plaintiff states that her claims fall below the jurisdictional minimum, the "plaintiff's pleadings are not dispositive under the legal certainty test." Id. at 474. The Court must "look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." Id. at 475.

As the Third Circuit clarified in Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007), in cases where the complaint specifically limits the amount in controversy to less than the jurisdictional minimum, the party contesting remand bears a higher burden, and must prove to a legal certainty that the amount in controversy exceeds the statutory threshold (i.e. the removing party must show it is legally certain the amount in dispute exceeds $75,000). Id. at 196.

In contrast, in cases where the plaintiff has not expressly limited the amount in the complaint to less than the jurisdictional minimum, the party in favor of remand has the burden to prove to a legal certainty that the amount in controversy could not exceed the jurisdictional threshold (i.e. the party seeking remand to state court must establish it is legally certain that the amount in dispute will not be greater than $75,000). Therefore, a case in that category must be remanded if it appears to a legal certainty that the plaintiff cannot recover $75,000. Id. at 195-97.[4]

## V. Discussion

The Court finds that it lacks subject matter jurisdiction and must remand this case to the Court of Common Pleas.

---

[4] For a more detailed history of the development of the Frederico standard and its application in this district to cases originally filed in the compulsory arbitration program of Pennsylvania state court, see Dunfee v. Allstate Ins. Co., No. 08-cv-1425, 2008 WL 2579799 (E.D. Pa. June 26, 2008) (Baylson, J.).

Plaintiff has expressly limited her damages to less than $50,000 and the Court will therefore apply the standards from Morgan in analyzing her claim.

The Court will give effect to the amended ad damnum clauses in Plaintiff's Complaint because Pennsylvania law permits her to limit her damages. In counties such as Philadelphia, that have compulsory arbitration, state law requires the plaintiff to state whether "the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral." Pa. R. Civ. Pro. 1021(c). Plaintiff's action was referred to compulsory arbitration pursuant to 42 Pa. Cons. Stat. § 7361.

Although under Morgan, Plaintiff's ad damnum clauses are not dispositive of the amount in controversy, the Court concludes that Nationwide has not proved to a legal certainty that Plaintiff's damages exceed $75,000. The Complaint is silent on the amount of UIM benefits Plaintiff was entitled to under her policy with Nationwide, but the parties do not dispute that the policy provided for $15,000 in UIM coverage. The cost of a potential sixth surgery is too speculative to establish the amount in controversy to a legal certainty; and, moreover, presumably all compensatory damages would be limited to the $15,000 in UIM coverage regardless of Plaintiff's actual costs. The Court also does not consider it conclusive that Plaintiff alleges in paragraph 21 of her Complaint that the tortfeasor was underinsured since he maintained only $100,000 in liability coverage and the value of plaintiff's injuries are in excess of that amount; this allegation serves to explain why Plaintiff is entitled to UIM benefits from Nationwide, not to establish that the amount of damages she seeks in this case exceed $100,000. Similarly, whether and what punitive damages to which Plaintiff is entitled is not sufficiently concrete to meet the legal certainty standard. "[I]f this Court has to guess at whether the jurisdictional threshold has

been met, then the defendant has not proved its point." Menard v. Hewlett Packard Co., No. 12-cv-3570 (E.D. Pa. July 19, 2012 (quoting Resolution Mgmt. Consultants, Inc., Civ. A. Nos. 10-6243, 11-914/946/954/956, 2011 WL 2609854, at *8 (D.N.J. June 29, 2011)). The Court is also unpersuaded by Nationwide's argument that Plaintiff could recover more than $75,000 if the arbitration award is appealed. "The legal certainty test and the rule requiring courts to resolve all doubts in favor of remand would ring hollow if the mere possibility that a plaintiff could recover more than $75,000 from an appeal of a compulsory arbitration satisfied Defendants' burden." Id. at *4 (citations omitted). Nationwide is unable to prove to a legal certainty that the punitive damages and other relief Plaintiff seeks would push the amount in controversy above $75,000.

This case is analogous to the myriad cases removed to this district which have been remanded because the plaintiff included a valid ad damnum clause limiting his or her damages to $50,000 and the defendant did not meet its burden to demonstrate to a legal certainty that amount in controversy required for diversity jurisdiction had been satisfied. See, e.g., id.; Espinosa v. Allstate, No. 07-cv-0746, 2007 WL 1181020 (E.D. Pa. April 16, 2007); Punzak v. Allstate, No. 07-cv-1052, 2007 WL 1166087 (E.D. Pa. April 16, 2007); Dunfee v. Allstate Ins. Co., No. 08-cv-1425, 2008 WL 2579799, at *4 (E.D. Pa. June 26, 2008) (Baylson, J.); Hodges v. Walgreens, No. 12-cv-1162, 2012 WL 1439080 (E.D. Pa. April 26, 2012).

In contrast, the cases Defendant cites, in which the district courts denied motions for remand, are all distinguishable. Wiedman v. Citywide Banks, No. 08-cv-3548, 2009 WL 117873, at *2 n.3 (E.D. Pa. Jan. 15, 2009) (plaintiff did not expressly limit his damages); Stehle-Rosellini v. Allstate Corp., No. 09-cv-895, 2010 WL 358519, at *1 (W.D. Pa. Jan. 25, 2010) (plaintiff limited her damages to $75,000 for one count but then requested additional damages

"in excess of $30,000."); Howard v. Wal-Mart Supercenter, No. 09-cv-4530, 2009 WL 4362856, at *4 (E.D. Pa. Nov. 3, 2009) (plaintiff expressly demanded damages in an amount in excess of $50,000 if the decision from arbitration were appealed); Valley v. State Farm Fir & Cas. Co., 504 F. Supp. 2d 1 (E.D. Pa. 2006) (applied Samuel-Bassett standard, instead of Morgan standard, before the Third Circuit clarified the proper analysis in Frederico, 507 F.3d at 196).

This Court remands the instant action to state court because Plaintiffs properly limited the amount of damages in the ad damnum clauses to "an amount not in excess of $50,000," which falls below the $75,000 jurisdictional minimum, and Defendant has not shown to a legal certainty that the amount in controversy exceeds $75,000.

### VI.     Conclusion

For the reasons stated above, Plaintiff's Motion to Remand will be GRANTED. Defendant's Motion to Dismiss will be DENIED as moot.

An appropriate Order follows.

O:\CIVIL 12\12-4031 coates v. nationwide\12cv4031.Memo re Remand.wpd